# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SPORTSPOWER, LTD. | § | |
|     Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No.  4:19-cv-66 |
| | § | Judge Mazzant |
| CROWNTEC FITNESS MFG. LTD., *et al.,* | § | |
|     Defendants/Counterclaimants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Sportspower's Motion for Leave to Amend Complaint (Dkt. #74).  Having considered the Motion and relevant pleadings, the Court finds the Motion should be **GRANTED**.

## BACKGROUND

The deadline for Plaintiff Sportspower Ltd. ("Sportpower") to file amended pleadings was December 19, 2019 (Dkt. #19).  Around this time, the parties scheduled depositions for March and/or April 2020.  Depositions were delayed by COVID-19.  The parties then disputed whether Sportspower could depose Crowntec Fitness Mfg. Ltd.'s ("Crowntec") trademark attorney, Jay Hines.  On August 20, 2020, the Court ordered Sportspower to proceed with Mr. Hines' deposition (Dkt. #79).  On September 24, 2020, Sportspower deposed Mr. Hines.  Mr. Hines testified that he lacked personal knowledge of certain facts underlying Sportspower's trademark application (Dkt. #74 at Exhibit 2).

On October 16, 2020, Sportspower moved to amend the Scheduling Order and for leave to amend its complaint considering Mr. Hines' testimony (Dkt. #74).  On November 3, 2020, Crowntec responded (Dkt. #84).  On November 10, 2020, Sportspower replied (Dkt. #93).

### LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013).  Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes.  *See id.*  Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes.  *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served.  After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave."  *Id.*  Rule 15(a) instructs the court to "freely give leave when justice so requires."  *Id.*  The rule "'evinces a bias in favor of granting leave to amend.'"  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).  But leave to amend "is not automatic."  *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).  Whether to grant leave to amend "lies within the sound discretion of the district court."  *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992).  A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment.  *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that the Court's scheduling order "may be modified only for good cause and with the judge's consent."  *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension.").  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).  In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice."  *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).  Only after the movant demonstrates cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend.  *Id.*

## ANALYSIS

The Court finds good cause exists for Sportspower to amend its complaint.

### 1.  The explanation for the failure to timely move for leave to amend

Sportspower's delay is reasonable considering the nature of the proposed amendments and that intervening events contributed to the delay.

The delay is reasonable because Sportspower seeks to add factual allegations that surfaced after deposing Mr. Hines, which could not have been predicted.  On September 24, 2020, Mr. Hines testified he lacked personal knowledge of certain underlying facts of the contested trademark application, despite submitting a signed declaration with the application asserting personal

3

knowledge.  Sportspower seeks to use this testimony to argue the contested trademark should be cancelled for the false declaration, as well as for being confusingly similar to Sportspower's trademark.  Sportspower could not have amended its complaint earlier to include these allegations because they hinge on Mr. Hines' subjective knowledge, which could not have been known before his deposition.  While Sportspower would have easily been able to amend its pleadings if it had deposed Mr. Hines sooner, its failure to do so is not fatal.  It is unreasonable to fault Sportspower for not scheduling Mr. Hines' deposition earlier when there was no indication that Sportspower should have suspected Mr. Hines' signed declaration.

The delay is also understandable in the context of global events and this litigation.  On January 30, 2019, Sportspower sued Crowntec for trademark infringement and unfair competition. Discovery commenced.  The deadline to amend pleadings came and went in December 2019. Somewhere around this time, the parties proposed scheduling depositions in March or April 2020. Global events understandably delayed the depositions, as Defendants are in Taiwan.  Mr. Hines' deposition was further delayed when Crowntec asserted attorney-client privilege.  On August 20, 2020, the Court ordered Mr. Hines' deposition to proceed.  Thus, Sportspower could not have taken Mr. Hines' deposition between March 2020 and September 2020 because of the pandemic and the discovery dispute.

By its very name, discovery uncovers previously unknown facts.  Sometimes, those facts surface after the deadline to amend pleadings.  Back in December 2019, Sportspower could not have reasonably foreseen Mr. Hines' testimony, or the intervening events that would ultimately delay it.  While the facts surfaced after the deadline to amend, the delay is understandable.

## 2. The importance of the amendment

Sportspower's amendment is important because it goes to the heart of the case—whether Crowntec has a valid trademark registration.  Mr. Hines testified that he had no personal knowledge of the contested mark being used on goods claimed in the trademark application, despite submitting a signed declaration that the application was based on personal knowledge. Trademark examiners rely on applicants to provide true and correct information.  A reasonable factfinder could conclude that the contested trademark should not have been registered in its current form based on Mr. Hines' testimony.  *See* 15 U.S.C. §1120.  In this way, Sportspower's amendment is a different strain of its existing argument to cancel the trademark registration and is therefore important.

## 3. The potential prejudice in allowing the amendment

Crowntec will be somewhat prejudiced by the late amendment.  Sportspower's amendment introduces a new theory regarding the validity of the trademark registration based on Mr. Hines' declaration.  This compels Crowntec to pivot and rebut the allegations.  But Crowntec is not caught entirely off-guard, as it had access to Mr. Hines' personal knowledge long before his deposition. Once Sportspower sued for trademark infringement, it was prudent for Crowntec to inspect its trademark registration for weakness.  This would include inspecting Mr. Hines' declaration, such as whether the mark was actually used in all the ways the application claimed.  Crowntec knew Sportspower sought to depose Mr. Hines for at least ten months before his actual deposition because the parties had tentatively scheduled his deposition for March or April 2020.  In a case focused on trademark validity, Crowntec could or should have known this information would come to light with Mr. Hines' deposition.  Thus, while there is undoubtedly some prejudice because it is a new theory for cancelling Crowntec's registration, it is not an undue burden.

Crowntec raises several counterarguments which, while thoughtful, are ultimately unpersuasive.  First, Crowntec argues the proposed amendments would potentially taint the jury against Crowntec.  This argument wrongly assumes the jury will be biased and closedminded. Crowntec may address its concerns through careful voir dire, presenting counter evidence, raising objections, and making a persuasive closing argument.  Second, Crowntec argues prejudice because it is no longer able to move to dismiss the amendments or for summary judgment on them. But given Mr. Hines' testimony and Sportspower's proposed amendments, this is not a practical concern for Crowntec.  Sportspower's amendments do not pose a 12(b)(6) issue because it sufficiently pleads a claim for relief.  Likewise, Sportspower's amendments would not be removed in summary judgment because there is a genuine dispute of material fact.

Crowntec's cited cases are distinguishable because they involve plaintiffs seeking leave under quite different circumstances than Sportspower.  *See Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 540 (E.D. Tex. 2000) (denying leave to amend where plaintiff sought to amend complaint a mere three weeks before jury selection); *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) (denying leave to amend where plaintiff waited two and a half years after suing and two years after defendant filed summary judgment); *Matter of Southmark Corp.*, 88 F.3d 311, 315 (5th Cir. 1996) (denying leave to amend where plaintiff could have included proposed amendments with original complaint).  Unlike these cases, Sportspower seeks to amend months before the proposed trial date, promptly after uncovering unforeseeable facts, and it could not have included these allegations in its original or amended Complaint.  Thus, while Crowntec will be prejudiced by this amendment, it is prejudiced like any defendant would be by a new theory.

**4.  The availability of a continuance to cure such prejudice**

Crowntec may cure this prejudice.  The pretrial conference is currently scheduled for February 8, 2021, some months away.  This Court previously stated it would "allow the parties to conduct discovery up to and during trial" and so Crowntec may continue discovery (Dkt. #32).  As Mr. Hines' testimony revealed facts that Crowntec reasonably should have uncovered before his deposition, Crowntec is not caught flat-footed by Sportspower's Motion.  Crowntec's assertion that it has no opportunity to respond to this new theory is incorrect, as Crowntec has the time and resources to craft a persuasive response at trial.  Accordingly, the Court finds that the factors weigh in favor of granting Sportspower leave to amend its complaint.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff Sportspower's Motion for Leave to Amend Complaint (Dkt. #74) is hereby **GRANTED**, and Plaintiff's Third Amended Complaint (Dkt. #75) is deemed filed.

   **SIGNED this 1st day of December, 2020.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE