# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | §  | |
|---|---|---|
| SPORTSPOWER LTD. | § | |
| | § | Civil Action No.  4:19-cv-66 |
| v. | § | Judge Mazzant |
| | § | |
| CROWNTEC FITNESS MFG. LTD., *et al.* | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiff's Late Supplemental Expert Report of Mr. Leathers (Dkt. #90).  Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

On January 30, 2019, Sportspower Ltd. ("Sportspower") sued Crowntec Fitness Mfg. Ltd. ("Crowntec") for trademark infringement, unfair competition, patent infringement, and unjust enrichment (Dkt. #1).  Sportspower later filed its Second Amended Complaint asserting claims against Li-Ju Hsiang, Crowntec's Managing Director (Dkt. #30).

The Court has extended discovery deadlines in this case several times (*See* Dkt. #19, #28, #65, #73).  The deadline for disclosure of expert testimony on issues which the party bears the burden of proof was January 17, 2020, while the deadline for non-burden issues was February 21, 2020.  On January 17, 2020, Sportspower served David Leathers' ("Leathers") expert report.  On February 21, 2020, Crowntec served its rebuttal report.

Discovery continued.  During discussions in May 2020, Sportspower confirmed its understanding that Crowntec intended to serve a supplement report to Leathers' initial report,

while reiterating its disagreement (*See* Dkt. 90, Exhibit 3). There was apparently no further discussion of a Leathers' supplement.

Leathers' deposition was scheduled for October 30, 2020, the last day of expert discovery. Eight days before the deposition, Sportspower served its Supplemental Expert Report of David M. Leathers ("Supplemental Report"). Leathers' deposition was then postponed.

On November 4, 2020, Defendants filed their Motion to Strike the Supplemental Report (Dkt. #90). On November 10, 2020, Sportspower responded (Dkt. #92). On November 17, 2020, Defendants replied (Dkt. #95).

On December 15, 2020, the Court cancelled the Final Pretrial Conference, Jury Selection, and Trial. These events have not yet been rescheduled.

## LEGAL STANDARD

The Court's Scheduling Order controls the deadlines for expert-witness disclosures. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255-L, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019) (citing FED. R. CIV. P. 26(a)(2)(D)). An untimely disclosure may be excluded "unless the failure was substantially justified or is harmless." *CEATS, Inc. v. TicketNetwork, Inc.*, No: 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018) (citing FED. R. CIV. P. 37(c)(1)). If the disclosure is untimely, the Court maintains broad discretion to exclude the expert report as a means of enforcing a pretrial order. *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979); *see* FED. R. CIV. P. 37(b)(2).

The Court may grant leave to disclose a supplement expert report after the deadline in the scheduling order has expired for good cause. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). To determine whether good cause exists, the Court considers (1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential

prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Russell v. Wal-Mart Stores*, No: 1:06-CV-408, 2007 WL 9725186, at *2 (E.D. Tex. Jun. 7, 2007) (citing *Geiserman*, 893 F.2d at 791).

The four-factor consideration is holistic and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863 at *3 (N.D. Tex. Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012). No single factor is determinative in the Court's decision to modify the scheduling order deadlines and consider proposed amendments. *Id.*

## ANALYSIS

The parties do not dispute that Sportspower's Supplemental Report was late, only whether that lateness may be excused. The Court applies the *Geiserman* factors and finds that while there is prejudice, that prejudice may be cured due to the delayed trial schedule. Because the prejudice may cured, the Court finds that good cause exists and denies the Motion.

**1. The Explanation for the Failure to Timely Disclose**

Sportspower blames its late Supplemental Report on "Crowntec's strategy of slow-playing its document production" (Dkt. #92 at p. 3). While delayed document production may have contributed to the late Supplemental Report, it does not absolve Sportspower for several reasons.

First, if Crowntec was withholding documents in such a way that it prevented Sportspower from complying with its own expert disclosures, Sportspower could have filed a motion to compel. It did not. Discovery issues could have been resolved before the expert disclosure deadline and the Supplemental Report could have been timely served.

Second, even if Crowntec "slow-played" document production, the Supplemental Report could have been served sooner because it contained information that was always available to Sportpower, like Sportspower's profitability. Sportspower acknowledges that "some" information

3

in the Supplemental Report was available earlier but does not explain why it was not included with the original report (Dkt. #92 at p. 2). Because this information was previously available, the Supplemental Report could have been served earlier.

And third, even if the Supplemental Report was reasonably delayed because of slow document production, Sportspower appears to have unreasonably delayed serving the Report from May to October 2020. In May 2020, Sportspower expressed intent to serve a supplemental expert report to Defendants, who reiterated their disagreement (*See* Dkt. #90, Exhibit 3). This shows that Sportspower was in the process of compiling and preparing a supplemental report at least several months before ultimately serving it. Sportspower does not explain why the Report was delayed from May to October.

While some delay may have been excusable, Sportspower provides a thin explanation for serving the Supplemental Report months after the deadline. Even though the Court is not entirely persuaded by Sportspower's explanation, no single factor is determinative and so the Court continues the analysis. *See Serv. Temps, Inc.*, 2009 WL 3294863 at *3.

### 2. The Importance of the Evidence

Defendants assert that the Supplemental Report is not important. Sportspower does not refute this in its three-page Response.

### 3. The Potential Prejudice to the Opposing Party in Allowing the Testimony

Sportspower argues that because "this Court has already allowed the parties to conduct discovery up to and during the trial" that Crowntec is not prejudiced (Dkt. #92 at p. 1). But the Court's comments from the bench that "discovery may continue through trial" does not obviate the Scheduling Order (Dkt. #32). Expert deadlines exist to streamline litigation and narrow the issues in dispute. The Court's comments regarded fact discovery, not the disclosure of expert

reports.  Afterall, it would be unreasonable for a party to serve an expert report mid-trial, when the other side cannot meaningfully respond.  Likewise, Defendants cannot meaningfully respond to the Supplemental Report eight days before a scheduled expert deposition.

However, Defendants' prejudice was minimized because the expert deposition was ultimately postponed.  This gave Defendants additional time to review the Supplemental Report, which was relatively brief at 16 pages long.  While there is always some prejudice when a party disregards a deadline, here Defendants did not suffer any lasting burden.

### 4. The Possibility of a Continuance to Cure Such Prejudice

The Court finds that Defendants' prejudice can be cured because the trial date is postponed. On December 15, 2020, the Court cancelled this case's Final Pretrial Conference and a new date has not yet been scheduled.  As such, the case will no longer be going to trial in February 2021. With this postponement comes additional time for Defendants to cure their prejudice by analyzing the Supplemental Report and serving a supplemental rebuttal report.

Although Sportspower prejudiced Defendants by serving a late Supplemental Report, this prejudice was minimal and can be cured by permitting Defendants to serve a supplemental rebuttal report.  Under the holistic analysis, the Court finds that good cause exists and that the Motion to Strike should be denied.

### CONCLUSION

It is hereby **ORDERED** that Defendants' Motion to Strike Plaintiff's Late Supplemental Expert Report of Mr. Leathers (Dkt. #90) is hereby **DENIED.**

**SIGNED this 12th day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

5